Filed 10/27/22  P. v. Harrell CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MILTON BOYAY HARRELL,<br><br>Defendant and Appellant. | F081763<br><br>(Super. Ct. No. 145363)<br><br>**OPINION** |

## <u>THE COURT</u>*

APPEAL from an order of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Levy, J. and Poochigian, J.

In 1998, defendant Milton Boyay Harrell was convicted of various crimes he committed when he was 22 years old. He was sentenced under the "Three Strikes" law. In 2020, he filed a motion for a youth offender parole hearing (YOPH) pursuant to Penal Code section 3051.[1] The trial court determined the motion was not yet ripe for consideration. On appeal, defendant contends (1) the trial court violated his Fourteenth Amendment right to equal protection by denying his motion for a YOPH and (2) the trial court erred in declining to consider his motion on its merits. After requesting and receiving supplemental briefing, we conclude defendant is not eligible for a YOPH, and his ineligibility does not violate his right to equal protection. He is nevertheless entitled to a *Franklin*[2] proceeding on remand. In all other respects, we affirm.

## BACKGROUND

On December 3, 1997, when defendant was 22 years old, he committed the crimes underlying the convictions in this case.

On June 10, 1998, the Stanislaus County District Attorney filed a second amended information charging defendant with two counts of attempted robbery (§§ 664, 211, 212.5; counts 1 & 4), three counts of robbery (§§ 211, 212.5; counts 2, 3 & 5), burglary of an inhabited building (§ 459; count 6), and conspiracy to commit robbery (§§ 182, 211, 212.5; count 7). The information further alleged a firearm enhancement (§ 12022.5) and gang enhancement (§ 186.22, subd. (b)(1)) as to each count, and alleged that defendant had suffered two prior serious felony convictions (§ 667, subd. (a)) and two prior "strike" convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On October 6, 1998, a jury found defendant guilty of all counts and found true all special allegations.

---

[1]     All statutory references are to the Penal Code.

[2]     *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

2.

On November 24, 1998, the trial court sentenced defendant pursuant to the Three Strikes law to 140 years 10 months.

In 2001, we directed the trial court to resentence defendant. (*People v. Richardson et al.* (Oct. 24, 2001, F032406) [nonpub. opn.].)

On April 19, 2002, on remand from appeal, the trial court resentenced defendant pursuant to the Three Strikes law to a determinate term of 112 years six months on counts 1, 2, 3, and 5, plus an indeterminate term of 26 years four months to life on count 4.

In 2003, we struck one prior serious felony enhancement (*People v. Harrell* (July 7, 2003, F040484) [nonpub. opn.]), and on July 11, 2003, the trial court amended the abstract of judgment again to reflect a determinate term of 107 years six months, plus an indeterminate term of 26 years four months to life.

On March 4, 2020, defendant filed a motion for a YOPH.

On August 14, 2020, the trial court issued an order declining to address the motion on its merits.

On September 16, 2020, defendant filed a notice of appeal.

## DISCUSSION

### I.    *Law*

"A [YOPH] is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger … at the time of the controlling offense." (§ 3051, subd. (a)(1).)[3] "[T]he board, in reviewing a prisoner's suitability for parole … shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801,

---

[3]    Senate Bill No. 260 (2013–2014 Reg. Sess.), which became effective January 1, 2014, added sections 3051 and 4801, subdivision (c). (*Franklin*, *supra*, 63 Cal.4th at p. 276.)

subd. (c).) "[S]ections 3051 and 4801 contemplate[] 'that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a [YOPH] to facilitate' consideration by the Board of Parole Hearings …. [Citation.] [A]ssembling such information [is] 'typically a task more easily done at or near the time of the juvenile's offense' [citation] … [and thus the defendant should have the opportunity to] 'put on the record the kinds of information that sections 3051 and 4801 deem relevant at a [YOPH]' [citation]. [T]he trial court [may] receive 'any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at [the defendant's] eventual [YOPH].' " (*In re Cook* (2019) 7 Cal.5th 439, 446 (*Cook*).) "[T]he presentation of evidence shall proceed with an eye to providing a meaningful baseline of [the defendant's] characteristics and circumstances so the parole board can someday judge the extent to which he has matured and rehabilitated himself while in custody. In that regard, only such evidence as meaningfully adds to the existing record shall be permitted." (*People v. Delgado* (2022) 78 Cal.App.5th 95, 104 (*Delgado*).)

However, "per its terms, section 3051 does not apply if the defendant was convicted under the Three Strikes law (pertaining to repeat offenders) or the 'One Strike' law (pertaining to certain sexual offenders), or if he was sentenced to [life without the possibility of parole] for an offense committed after he reached the age of 18. (*Id*., subd. (h).)" (*Delgado*, *supra*, 78 Cal.App.5th at p. 100.)

In *Franklin*, the defendant was 16 years old when he committed murder, and the trial court was statutorily required to sentence him to two consecutive sentences of 25 years to life. (*Franklin*, *supra*, 63 Cal.4th at p. 268.) The *Franklin* court concluded it was unclear whether the defendant had sufficient opportunity at sentencing to "make an accurate record of [his youth-related] characteristics and circumstances at the time of the offense" to enable the Board to "properly discharge its obligation to 'give great weight to' youth-related factors." (*Id*. at p. 284.) The court remanded the case to the trial court

4.

to determine whether the defendant had an opportunity to make this record.  (*Id*. at pp. 286−287.)  From this case, the term "*Franklin* proceeding" has emerged.[4]

A *Franklin* proceeding is also available to eligible inmates whose judgments are already final.  *Cook* provides guidance:  "For inmates … who seek to preserve evidence following a final judgment, the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's [*Cook*] decision.  The motion should establish the inmate's entitlement to a [YOPH] and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred."  (*Cook*, *supra*, 7 Cal.5th 439 at p. 458.)

Lastly, a *Franklin* proceeding is available even to defendants who are *ineligible* for a YOPH.  As *Delgado* has recently held, "there is another legal basis for granting … a *Franklin* proceeding.  [T]hat entitlement lies in subdivision (c) of section 4801, which was enacted in conjunction with [section] 3051.  [¶]  Like section 3051, section 4801, subdivision (c) was enacted in 2014 as part of the Legislature's effort to bring California law into conformity with Supreme Court precedent respecting juvenile sentencing.  (*Franklin*, *supra*, 63 Cal.4th at pp. 268, 276.)"  (*Delgado*, *supra*, 78 Cal.App.5th at p. 103.)

"Section 3041.5 sets forth the procedures governing parole hearings and applies generally to 'all [such] hearings.'  (§ 3041.5, subd. (a).)  It is apparent from the

---

[4]	This is often referred to as a "*Franklin* hearing," but "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.'  A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that determination.  [Citations.]  A proceeding is a broader term describing the form or manner of conducting judicial business before a court.  [Citations.]  While a judicial officer presides over a *Franklin* proceeding and regulates its conduct, the officer is not called upon to make findings of fact or render any final determination at the proceeding's conclusion.  Parole determination are left to the Board [of Parole Hearings]."  (*Cook*, *supra*, 7 Cal.5th at p. 449, fn. 3.)

Legislature's reference to that statute that it intended the criteria set forth in section 4801, subdivision (c) to apply broadly to all parole hearings, not just YOPHs. [Citations.] Consequently, even though [a defendant] is not entitled to a YOPH, the parole board will still—someday—have to consider his diminished capacity and subsequent maturation in assessing his suitability for parole. (*Ibid*.)" (*Delgado*, *supra*, 78 Cal.App.5th at p. 103.)

"Those are the same factors the board must consider in conducting a YOPH under section 3051. Given their importance at [a defendant's] parole hearing, it follows from *Franklin* that he should be given the opportunity to make a record of those factors. Now. [B]ecause section 4801, subdivision (c) requires the parole board to consider youth-related factors during parole hearings for youthful offenders, *Franklin* proceedings should be provided to … all … defendants who are statutorily ineligible for a YOPH under section 3051." (*Delgado*, *supra*, 78 Cal.App.5th at pp. 103–104.)

## II.    *Analysis*

We reach three conclusions in this case. First, as expressly stated by section 3051, subdivision (h), defendant is ineligible for a YOPH because he was sentenced under the Three Strikes law. Second, section 3051's exclusion of defendants sentenced under the Three Strikes law does not violate equal protection. (*Delgado*, *supra*, 78 Cal.App.5th 101–103; *People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1167; *People v. Moore* (2021) 68 Cal.App.5th 856, 864.)[5] And third, as the parties agree, *Delgado* provides that defendant should receive a *Franklin* proceeding even though he is ineligible for a YOPH. Defendant should be granted an evidence-preserving proceeding because evidence related

---

[5]    We note that a related issue is before the Supreme Court. (*People v. Williams* (2020) 47 Cal.App.5th 475, 492–493, review granted July 22, 2020, S262229 ["Does … section 3051, subdivision (h), violate the equal protection clause of the Fourteenth Amendment by excluding young adults convicted and sentenced for serious sex crimes under the One Strike law (… § 667.61) from youth offender parole consideration, while young adults convicted of first degree murder are entitled to such consideration?"].)

6.

to his youth will be relevant at any eventual parole hearing.  (*Delgado*, *supra*, 78 Cal.App.5th at pp. 103–104.)  Thus, we remand for a *Franklin* proceeding.

## DISPOSITION

We take judicial notice of our opinions in *People v. Richardson et al.* (Oct. 24, 2001, F032406) [nonpub. opn.] and *People v. Harrell* (July 7, 2003, F040484) [nonpub. opn.].

The matter is remanded for a *Franklin* proceeding.  In all other respects, the judgment is affirmed.